IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 5:00-917 |
| | ) | 5:01-552 |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Eric Leonard Gadsen, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a motion for relief under 28 U.S.C. § 2255. ECF No. 45. Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on May 22, 2003. C/A No. 5:03-cv-1757-CMC; ECF No. 1. After full briefing of Defendant's motion, the court granted the Government's motion for summary judgment and dismissed Defendant's motion with prejudice. 5:03-1757; ECF No. 8.

The current motion is a successive § 2255 motion. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). On July 5, 2016, the Fourth Circuit denied Defendant's § 2244 motion for authorization to file a second or successive § 2255 motion, stating: "[E]ven assuming *Johnson* applies to the residual clause of § 924(c), bank robbery remains a crime of violence under the force

clause." *In re*: Eric Leonard Gadsen, No. 16-9461 (4th Cir. July 5, 2016). Therefore, Defendant could not make the prima facie showing necessary to be granted authorization to file a second or successive § 2255 motion. *Id.*

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive § 2255 motion is jurisdictional. Therefore, Defendant's failure to receive permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 19, 2016

2